## McGRATH v. PITKIN.

(City Court of New York, General Term. March 6, 1899.)

1. NEGOTIABLE NOTE—ACTION BY INDORSEE—PLEADING.
   A complaint in an action by an indorsee on a note need not allege indorsement before maturity.

2. SAME—BURDEN OF PROOF—WANT OF CONSIDERATION.
   The maker of a note has the burden of proving want or failure of consideration.

3. SAME—ANSWER—SUFFICIENCY.
   An answer admitting that a note was given for a good and valuable consideration, and then alleging a want of consideration, is bad on demurrer.

4. SAME—COUNTERCLAIM AGAINST BONA FIDE PURCHASER.
   A counterclaim against the payee of a negotiable note is not good against a bona fide purchaser before maturity.

5. SAME—PLEA OF PAYMENT—SUFFICIENCY.
   An answer alleging payment of a note, without alleging to whom, is good on demurrer.

6. PLEADING—DEMURRER TO SEVERAL DEFENSES.
   A demurrer to several defenses will be overruled if one is good.

Appeal from special term.

Action by George W. McGrath against Leonard F. Pitkin. From an order overruling a demurrer to a part of the answer, with leave to plaintiff to amend, and from the interlocutory judgment entered thereon, he appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and SCHUCHMAN, JJ.

George S. Daniels, for appellant.
George Bell, for respondent.

SCHUCHMAN, J. The complaint sets forth three causes of action on promissory notes which were made by the defendant to the order of one Nelson, who indorsed and delivered them to the plaintiff. The answer admits the allegations set forth in the first, fourth, and seventh

paragraphs of the complaint, among which is one that the notes were given for a good and valuable consideration, and then sets up the defense of want of consideration in the making of the note, and a counterclaim or offset against the payee, as if the holder was not an innocent holder before maturity, and also sets up the affirmative defense of payment. The plaintiff interposes a demurrer in the following language: "The plaintiff hereby demurs to the defenses consisting of new matter and the counterclaim contained in the defendant's answer on the ground that they, and each of them, are insufficient in law upon the face thereof." The court at special term overruled the demurrer, with leave to the plaintiff to amend on payment of costs. The defendant (respondent) invokes the rule that, before a demurrer to the answer is considered, the first pleading is to be looked into. He claims that the complaint does not set forth that the plaintiff is a holder before maturity, and that, therefore, he cannot object to any defense which is good against the payee. The complaint is good and sufficient. It need not allege that the note was indorsed over to the plaintiff before maturity. The presumption of law is that, when the payee indorses and delivers the note to another, the latter is a bona fide holder for value, and the burden of proof is upon the maker in regard to want or failure of consideration between the maker and the payee. Bank v. Crow, 60 N. Y. 85. The counterclaim and the separate defense first set forth in the answer are insufficient. The separate defense of payment is good, and sufficient. It does not aver to whom payment was made, but, if an answer is not sufficiently specific or definite and certain, the remedy is by motion. Bank v. Sherman, 6 Bosw. 181, and Hubener v. Simms, 2 Law Bul. 64. The rule of law is that, if a demurrer is taken to several defenses, and only one is good, the demurrer will be overruled. Ross v. Duffy, 12 N. Y. St. Rep. 584.

Interlocutory judgment and order appealed from affirmed, with costs. All concur.